**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Nevale Roanhorse,<br><br>　　　　　Defendant. | No. CR-20-08084-001-PCT-DJH<br><br>**ORDER** |

Before the Court is Defendant Nevale Roanhorse's Motion for Compassionate Release or Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (*Sealed* Doc. 56). The Government has filed a Response in opposition. (Doc. 58). The Defendant filed a Reply. (*Sealed* Doc. 59). The Court now issues its Order.

**I.    Background**

On September 23, 2020, a federal grand jury indicted the Defendant on one count of arson in violation of 18 U.S.C. §§ 1153 and 81 (Doc. 14). The Defendant entered a guilty plea to that count on July 9, 2021. (Doc. 35). In his plea agreement, he admitted that he "intentionally, willfully, and maliciously set fire to a dwelling" and that he "broke into the home of K.B and R.Y." (*Id.* at 7). Once inside, "he intentionally and maliciously started a fire in order to burn the dwelling down." (*Id.*) He acknowledged that his acts caused the home to be inhabitable. (*Id.*)

On September 28, 2021, the Court accepted the Defendant's plea agreement and sentenced him to five-years in federal custody, in accord with the plea agreement.

(Doc. 48). The Court also imposed a $100 Special Assessment fee and a five-year term of supervised release following his custody term. (*Id*.) The Court later ordered the Defendant to pay $141,769.00 in restitution to the victims for their lost home. (Doc. 54).

The Defendant is currently serving his sentence in the United States Penitentiary Canaan. His projected release date is October 8, 2024. He has completed approximately half of his sentence. Defendant Roanhorse brings a Motion seeking his early release from custody claiming extraordinary and compelling circumstances because the mother of his seven-year-old son died in January 2022 from a COVID-19 infection.

**II.    Law and Analysis**

a.   Extraordinary and Compelling Reasons

Upon motion of the Director of the Bureau of Prisons ["BOP"] brought under 18 U.S.C. § 3582(c)(1)(A), a court may modify a term of imprisonment after it has been imposed if "extraordinary and compelling reasons warrant such a reduction." U.S.S.G. § 1B1.13. Though the Motion was filed by the Defendant, not the BOP, it appears that the Defendant requested compassionate release from the BOP citing the same grounds, but his request was denied. (*Sealed* Doc. 56 at 10) ("Based on a review of your Pre-Sentence Investigation Report, it was determined that you have multiple family members, who can assist with caring for your child while you are incarcerated."). Therefore, the Court finds that it may address the Defendant's Motion because he has exhausted his administrative remedies. *See United States v. Weidenhamer,* 2020 WL 1929200, at *2 (D. Ariz. Apr. 21, 2020).

A reduction of sentence for extraordinary and compelling reasons must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also* U.S.S.G. § 1B1.13. The Commission's policy statements include family circumstances such as the death or incapacitation of the caregiver of the defendant's minor child or children. U.S.S.G. § 1B1.13 cmt. n.1.

Mr. Roanhorse states that since the death of his son's mother, his minor son is staying with his grandmother. (*Sealed* Doc. 56 at 4). He further states that the grandmother

was granted immediate temporary custody of the child and was "granted full responsibility of overseeing the minor child's education, finances, medical needs, well-being and care." (*Id*.)  The Defendant alleges that his son "feels secure, safe, and comfortable filling with hope, love and compassion only to be [sic] with the father, not someone else." (*Id*. at 5). So, the Defendant wishes "to catch up with his 7 years [sic] old son wishes for his permanent custody as his father after his mother's death." (*Id*.)

The Government corroborates that the Navajo Nation Court awarded temporary custody of the minor child to his maternal grandmother through its family court procedures. (Doc. 58 at 6).  The Government notes, that although the guardianship award was temporary, such custody will remain until the full petition for guardianship has been considered by that court.  (*Id*.)  Thus, the child will have the benefit of guardianship while the Defendant serves his custodial term. Though his concern for his child's well-being is admirable and expected, the Defendant does not provide any facts to suggest that his son is not appropriately being cared for.  *See United States v. Pratt*, 2022 WL 2355471, at *3 (D. Mont., June 30, 2022) (finding no extraordinary reasons exist for reduced sentence where caretaker of detainee's child, survives on unemployment checks  due to inability to work and care for child); *United States v. Burbidge*, 2019 WL 4863481, at *4 (D.N.D. Oct. 2, 2019) (holding that two children in foster care is not extraordinary and compelling reasons for a reduction in sentence).  Therefore, as the Defendant's son is being cared for by his grandmother, as overseen by the Navajo Nation Court, the Defendant's reasons for his early release are not extraordinary and compelling.

b.  Sentencing Factors – 3553(a)

Although finding that no extraordinary and compelling reasons exist for his early release, as it must, the Court now turns to the relevant 3553(a) factors.  As noted, the Defendant is serving a custodial sentence for arson, resulting in a family losing their home. The Defendant admitted that he committed the arson intentionally and maliciously, indicating a dangerous state of mind. (Doc. 35).

At time of sentencing, the Court found the Defendant to be a danger to others.  The

Court found that he was in a criminal history category VI, the Sentencing Commission's highest category. His prior convictions accounting for that category include repeated misdemeanor convictions of criminal trespass and public consumption of liquor in 2018, misdemeanor possession of marijuana in 2013, extreme driving under the influence of alcohol in 2011 and felony convictions for escape, and assault resulting in serious bodily injury for which he served 54 months in federal custody, to list a few. His lengthy criminal history reflect that he poses a danger to others and warrants a deterrent sentence.

Furthermore, the Court noted that the Defendant had a difficult childhood which included his use of and addiction to alcohol at approximately 16 years of age. He has also used marijuana, cocaine, and methamphetamine but stated that his alcohol addiction has largely contributed to his criminal conduct. He has attempted substance abuse treatment but with limited success. Accordingly, the Court ordered that he participate in the BOP Residential Drug Abuse Treatment Program ("RDAP'). (Doc. 54). Currently, it is unclear whether he has participated in RDAP or completed the program. At time of sentencing, the Court noted that the Defendant's alcohol addiction, unless successfully addressed, results in him posing a danger to others given his acknowledgment of being under the influence of alcohol when he committed the arson.

The Defendant states that while incarcerated, he has not committed any violation of the BOPs rules and regulations and "he is not subjected to impose any danger or cause any trouble to the community or society . . . since he realized his mistake and learned from it[.]" (*Sealed* Doc. 56 at 6). Furthermore, he vows, in essence, to be a law abiding citizen upon his release. Yet, the Court notes that his prior terms of federal custody, including 54 months of incarceration in 2002 and 21 months in 2011, did not affect his eventual criminal conduct from 2013 through 2018. He does not here present sufficient or new information to persuade the Court to alter its original 3553(a) findings.

/ / /

/ / /

/ / /

Accordingly,

**IT IS ORDERED** denying the Defendant's Motion for Compassionate Release (*Sealed* Doc. 56) and for the appointment of counsel made therein.

Dated this 7th day of July, 2022.

Honorable Diane J. Humetewa
United States District Judge